UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK A. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>B TUBBS, et al.,<br><br>    Defendants. | Case No. 18-CV-06893-LHK<br><br>**ORDER OF DISMISSAL IN PART; ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED**<br><br>Re: Dkt. Nos. 1, 2 |

Plaintiff is a California state prisoner incarcerated at Pelican Bay State Prison ("PBSP"). Plaintiff, proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Plaintiff named as defendants PBSP correctional officers B. Tubbs, C. Case, C. Hamilton, M. Douglas, A. Escobar, A. Deere, and M. Stouffer ("Correctional Officers"); PBSP sergeant B. Chaucer ("Sergeant Chaucer"); PBSP warden J. Robertson ("Warden Robertson"); PBSP chaplain G. Abdullah ("Chaplain Abdullah"); and "all employees of Pelican Bay State Prison."

Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses Doe defendants and orders service on the remaining defendants.

1

Case No. 18-CV-06893-LHK
ORDER OF DISMISSAL IN PART; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

## I. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. DISCUSSION

Plaintiff alleges that on multiple occasions at PBSP plaintiff was denied a halal meal by Correctional Officers Tubbs, Case, Hamilton, Douglas, Escobar, Deere, and Stouffer. Plaintiff alleges that he asked Sergeant Chaucer for plaintiff's property, so that plaintiff could verify he was approved for halal meals, and that Sergeant Chaucer refused to provide plaintiff's property. Plaintiff alleges that Warden Robertson failed to address plaintiff's inability to obtain halal meals, and that Chaplain Abdullah delayed addressing that difficulty. Plaintiff claims these actions violated his rights under the First and Eighth Amendments to the United States Constitution.

Plaintiff also names as defendants "all employees of" PBSP. A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir.2002). Plaintiff cannot name "all employees of" PBSP as Defendants without naming and

2

linking specifically each PBSP employee to plaintiff's claims. Accordingly, all claims against the defendant group of "all employees of" PBSP (as opposed to individually named employees at PBSP) are DISMISSED without prejudice. Should plaintiff succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint. *See id.*

Liberally construed, plaintiff states a cognizable claim that his rights under the First Amendment were violated by defendants Correctional Officers Tubbs, Case, Hamilton, Douglas, Escobar, Deere, and Stouffer; Sergeant Chaucer; Warden Robertson; and Chaplain Abdullah.

Plaintiff does not state a cognizable claim for violation of the Eighth Amendment, because "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *see also Garnica v. Wash. Dep't of Corr.*, 965 F. Supp. 2d 1250, 1267 (W.D. Wash. 2013) ("Plaintiff has no Eighth Amendment right to meals of his choice. Rather, his right extends to food that is adequate to maintain his health.") (rejecting claim that meals served during Ramadan violated Eighth Amendment), *aff'd*, 639 F. App'x 484 (9th Cir. 2016). Plaintiff's claim for violation of the Eighth Amendment is DISMISSED. Because no factual allegations will cure the legal deficiencies of plaintiff's Eighth Amendment claim, leave to amend is denied. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (identifying futility factors).

## III. CONCLUSION

1. Defendants identified solely as "all employees of" PBSP are DISMISSED without prejudice.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file to defendants Correctional Officers Tubbs, Case, Hamilton, Douglas, Escobar, Deere, and Stouffer; Sergeant Chaucer; Warden Robertson; and Chaplain Abdullah. These defendants are located at Pelican Bay State Prison. The Clerk shall send a courtesy copy of

3

Case No. 18-CV-06893-LHK
ORDER OF DISMISSAL IN PART; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

the complaint and this order upon the Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to plaintiff.

3. No later than **ninety (90) days** from the filing date of this order, defendants shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the cognizable claims in the complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on essential elements of his claim).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. All communications by plaintiff with the court must be served on defendants, or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

4

Case No. 18-CV-06893-LHK
ORDER OF DISMISSAL IN PART; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 20, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5

Case No. 18-CV-06893-LHK
ORDER OF DISMISSAL IN PART; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED